# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:09-CV-0417-RLV-DCK

| | | |
|---|---|---|
| **TIMOTHY BRANCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **FRANK GUIDA, JR., individually and as** | ) | |
| **Mayor of the Town of Stanley; the TOWN OF** | ) | |
| **STANLEY, a Municipal Corporation;** | ) | |
| **TOM DATT, individually and as Town** | ) | |
| **Manager of the Town of Stanley; HEATH** | ) | |
| **JENKINS, individually and as CHIEF OF** | ) | |
| **POLICE OF THE POLICE DEPARTMENT** | ) | |
| **of the Town of Stanley and DANIEL HAWLEY,** | ) | |
| **JAN WILLIAMS, KIM MCGINNIS, LLOYD** | ) | |
| **PATE and CHARLES WITHERS, each of** | ) | |
| **them individually and as members of the Town** | ) | |
| **Council of the Town of Stanley, STEPHANIE** | ) | |
| **REAVES and PENNY MCQUEEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Sanctions Pursuant

To Rule 37 Of The Federal Rules Of Civil Procedure" (Document No.14). This motion has been

referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for

disposition.  Having carefully considered the arguments, the record, and the applicable authority,

the undersigned will respectfully <u>deny</u> the motion.

## BACKGROUND

Plaintiff Timothy Branch ("Plaintiff") filed a "Complaint, Appeal And Petition For Writ Of

Certiorari" (Document No. 1-1) against Defendant Frank Guida, Jr. and the Town of Stanley, et al.

(collectively "Defendants") in the Superior Court of Gaston County, North Carolina on August 27,

2009.  The Complaint asserts causes of action for wrongful discharge, interference with contract,

defamation, and conspiracy to suborn perjury. (Document No. 1-1). Defendants removed the

lawsuit to this Court on September 25, 2009 and filed their Answer on October 1, 2009. (Document

Nos. 1, 2). On October 19, 2009, Defendants filed their "...Partial Motion To Dismiss" (Document

No. 3) which has been fully briefed and is ripe for disposition. The undersigned issued the "Pretrial

Order And Case Management Plan" (Document No. 6) on October 22, 2009, which set case

deadlines, including for Discovery - May 1, 2010, and for Motions - June 1, 2010. On June 1, 2010,

Defendants timely filed their "...Motion For Summary Judgment" (Document No. 11), along with

their supporting memorandum and affidavits. To date, Plaintiff has failed to respond to the pending

motion for summary judgment.

On August 23, 2010, Plaintiff filed the pending "Motion For Sanctions...," which in addition

to seeking sanctions, requests an Order compelling discovery and an extension of the time period

for discovery "of at least 120 days." (Document No. 14). The "Motion For Sanctions..." does not

indicate that the requirement of consultation, pursuant to Local Rule 7.1(B) and the "Pretrial Order

And Case Management Plan" (Document No. 6, p.4), has been met. Defendants filed a response

on September 10, 2010. Plaintiff has failed to file a reply brief, and the time to do so has lapsed.[1]

Plaintiff has never requested an extension of time to respond to the "...Motion For Summary

Judgment" or to reply to the "Motion For Sanctions...."

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 provides in pertinent part:

> (A) To Compel Disclosure. If a party fails to make a disclosure
> required by Rule 26(a), any other party may move to compel
> disclosure and for appropriate sanctions.

---

[1] "The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E).

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>
> . . .
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> . . .

(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Fed.R.Civ.P. 37(a)(3)-(4).

Rule 37 provides for the payment of expenses as follows:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.
>
> (B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed.R.Civ.P. 37(a)(5).

## DISCUSSION

As an initial matter, the undersigned notes that Plaintiff's motion seeking to compel discovery, as well as sanctions and an extension of time related to discovery, was filed almost four (4) months after the discovery deadline and almost three (3) months after the motions deadline. The pending motion does not offer any explanation for the delay.

The motion itself is fairly succinct and basically alleges the existence of diaries and/or recordings of transactions by Defendant Heath Jenkins that have been wrongfully withheld by Defendants. (Document No. 14, p.1). Plaintiff also alleges that Defendant Jenkins, Defendant Guida, and possibly others, have made perjurious statements, and more specifically, "that the answers of Chief Jenkins and the other Defendants were evasive, incomplete, and unresponsive and not in compliance with the Rules of Discovery and particularly in violation of Rule 37." (Document No. 14, p.3). Plaintiff by his motion seeks an extension of at least four (4) months to conduct additional discovery; the alleged original notes and diaries of Defendant Jenkins and other Defendants; and that Defendants be taxed with expenses for their failure to comply with discovery. (Document No. 14, p.3).

In response, Defendants contend that Plaintiff has failed to "cite anything in the record to support these allegations" and attached an "Affidavit Of Heath Jenkins" (Document No. 15-5) denying the existence of any handwritten notes, diaries, or recordings as alleged by Plaintiff. (Document No. 15, p.3). Defendant Jenkins' affidavit explains that all of his relevant notes were

4

typed on his computer at the police station, compiled in chronological order, and printed out. (Document No. 15-5, p.1-2). Defendant Jenkins contends that these notes were previously provided to Plaintiff and are also attached to his affidavit. Id. In short, Defendants assert that Plaintiff's motion is untimely, fails to show good cause, and fails to present any evidence that Defendants have failed to comply with their discovery obligations. (Document No. 15, p.3).

## CONCLUSION

The undersigned finds Defendants' arguments and exhibits persuasive. Moreover, Plaintiff has declined to file a reply refuting or otherwise challenging Defendants' response to the "...Motion For Sanctions." Under the circumstances, Plaintiff's motion for sanctions, to compel discovery, and to extend the discovery time period will be denied, without prejudice to re-file if Plaintiff is able to produce evidence supporting his serious allegations of wrongdoing by Defendants.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Sanctions Pursuant To Rule 37 Of The Federal Rules Of Civil Procedure" (Document No.14) is **DENIED**.

**IT IS FURTHER ORDERED** *sua sponte* that the time for Plaintiff to respond to "Defendants' Motion For Summary Judgment" (Document No. 11) is extended. Plaintiff may respond to the motion on or before **November 5, 2010**.

Signed: October 21, 2010

David C. Keesler
United States Magistrate Judge