IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv417

| | |
|---|---|
| TIMOTHY BRANCH, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FRANK GUIDA, JR., individually and as ) | |
| Mayor of the Town of Stanley; the TOWN OF ) | |
| STANLEY, a Municipal Corporation; ) | |
| TOM DATT, individually and as Town ) | |
| Manager of the Town of Stanley; HEATH ) | |
| JENKINS, individually and as CHIEF OF ) | |
| POLICE OF THE POLICE DEPARTMENT ) | |
| of the Town of Stanley and DANIEL HAWLEY, ) | |
| JAN WILLIAMS, KIM MCGINNIS, LLOYD ) | |
| PATE and CHARLES WITHERS, each of ) | |
| them individually and as members of the Town ) | |
| Council of the Town of Stanley, STEPHANIE ) | |
| REAVES and PENNY MCQUEEN, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss (#3) and Motion for Summary Judgment (#11). Having considered defendants' motion, reviewed the pleadings, and conducted a hearing, the court enters the following Order.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

Plaintiff is a former police lieutenant employed by the Town of Stanley, North Carolina, whose employment with the town was terminated after 27 years of service based on allegations of sexual misconduct by fellow employees and accusations by citizens of inappropriate contact with minor females. After these accusations were brought to the attention of the town's Mayor,

defendant Frank Guida, and the Town Manager, defendant Tom Datt, plaintiff was placed on unpaid leave during the investigation and eventually terminated. Plaintiff filed this action pro se in state court, and defendants removed this action to this court based on plaintiff's assertion of claims under the United States Constitution. Defendants first moved to dismiss this action in its entirety and later moved for summary judgment.

## II. Applicable Standards

### A. Rule 12(b)(6) Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)

(citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

**B.     Summary Judgment Standard**

Rule 56(a), Federal Rules of Civil Procedure, provides:

A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a).  The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

**(c) Procedures.**
(**1) Supporting Factual Positions.**  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting

summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

## III. Discussion

### A. Wrongful Termination Claim

Plaintiff first asserts a supplemental claim for wrongful termination. It is undisputed that plaintiff wass, however, an at-will employee and to survive on this claim he must allege and now come forward with some evidence that his discharge occurred for a reason that violates public policy. Considine v. Compass Grp. USA, Inc., 145 N.C. App. 314, 317, *affirmed per curiam*, 354 N.C. 568 (2001). In order to state a cognizable wrongful discharge claim the plaintiff must allege and identify a specific North Carolina public policy that was violated by defendant's terminating plaintiff's employment or allege that defendant encouraged the plaintiff to violate a law that might result in potential harm to the public. Gillis v. Montgomery County Sherif's Dept., 191 N.C.App. 377 (2008).

Plaintiff's claim appears to pivot on his view that the town's personnel policy created an interest in continued employment. While a personnel policy *can* create a recognizable interest in

continued employment, that only occurs where the personnel policy is enacted into law as an ordinance. Wuchte v. McNeil, 130 N.C.App. 738, 741 (1998). It is undisputed, however, that the Town of Stanley's personnel policy was not enacted by ordinance, but was adopted by resolution; thus, no property interest arises as a matter of state law. Further, the personnel policy states:

> The Town of Stanley is an 'at will' employer. Nothing in this policy creates an employment contract or term between the Town and its employees, confers any rights or privileges upon employees, or entitles employees to remain employed by the Town.

Defendants' Ex. 6, ¶ 5 (P.P. Art. I, § 2).

Plaintiff also takes issue with the town manager considering his appeal of the mayor's decision to terminate him, arguing that the town manager investigated the charges. North Carolina law requires the town manager to make the ultimate decision on employment decisions. N.C. Gen. Stat. § 160A-148. Finally, even if the town varied from its personnel policy in terminating plaintiff, North Carolina law provides that an at-will employee cannot bring a wrongful termination claim based on an employer failing to follow personnel policies because such an employee is terminable at the will of the employer. Harris v. Duke Power Co., 83 N.C.App. 195 (1986).

It appearing that plaintiff has neither alleged nor proffered plausible facts that would support a claim for wrongful termination under current North Carolina law, the court will dismiss this claim.

### B. Due Process Claim

Plaintiff also contends that he was terminated in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. To properly allege such a claim, plaintiff must have a liberty or property interest entitling him to due process protection. Board of Regents v. Roth, 408 U.S. 564 (1972). As discussed above, it is undisputed in this matter that plaintiff was an at-will employee of the Town of Stanley. "[A]t-will employees have no property interest in their

employment cognizable under the due process clause." Privette v. University of North Carolina at Chapel Hill, 96 N.C.App. 124, 137 (1989). Public employees in North Carolina only have a protected property interest in continued employment if the employee can show a legitimate claim to continued employment under a contract, state statute, or local ordinance. Peace v. Employment Sec. Comm'n, 349 N.C. 315, 321 (1998). Plaintiff has shown none of these and the court will dismiss this claim.

### C. Tortious Interference With Contract

Plaintiff has also alleged a supplemental claim for tortious interference with contract under North Carolina law. The elements of tortious interference with contract are:

> (1) the existence of a valid contract between plaintiff and a third party; (2) knowledge by defendant of the contract; (3) acts by defendant to intentionally induce the third party not to perform the contract; (4) defendant's acts were committed without justification; and (5) actual damage to the plaintiff.

Barker v. Kimberly-Clark Corp., 136 N.C.App. 455, 462 (2000) (citing Childress v. Abeles, 240 N.C. 667, 674 (1954)). First, plaintiff has neither alleged nor shown that he had an employment contract. Second, the persons who allegedly interfered with the non-existing contract were indisputably town officials who were parties to any contract that could have existed, thus they could not bet "outsiders" to the contract. Finally, while plaintiff certainly maintains that he did not engage in any wrongful conduct, he has not presented evidence that the town acted without justification, which would include even a mistaken belief or conclusion of misconduct. For these reasons, the court will dismiss this claim.

### D. Defamation

Plaintiff has also asserted a supplemental claim that defendants committed defamation. Under North carolina law, there are two separate torts encompassed by the term "defamation," those

being libel and slander.

> Generally, "libel is written while slander is oral." "[W]hen defamatory words are spoken with the intent that the words be reduced to writing, and the words are in fact written, the publication is both slander and libel."

Gaunt v. Pittaway, 135 N.C.App. 442, 447 (1999)(citations omitted). In this case, it appears that plaintiff is contending that he was slandered by oral statements made by the mayor.

The elements of slander are that a statement (1) was made to a third person and (2) that such statement was false. Andrews v. Elliot, 426 S.E.2d 430, 432 (N.C. Ct. App. 1993). A slander *per se* occurs

> when considered alone without explanatory circumstances [the statement] (1) charges that a person has committed an infamous crime... (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace.

Gaunt, supra, at 448 (citation omitted).

Where the plaintiff is a "public official" and the allegedly defamatory statement concerns his official conduct, plaintiff must also prove that the statement was "made with 'actual malice'-that is, with knowledge that it was false or with reckless disregard of whether it was false or not." Varner v. Bryan, 113 N.C.App. 697, 703 (1994) (citing New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964)). It is undisputed in this action that as a lieutenant of the Stanley Police Department, plaintiff was a public official.

First, any claims asserted based on statements made more than one year before the lawsuit was filed are time barred by North Carolina's one-year statute of limitations. N.C.Gen.Stat. § 1-54(3). Plaintiff's claim based on "statements of the Defendant Mayor dating back approximately five (5) years," Compl. ¶ 55, is subject to summary dismissal insofar as plaintiff seeks redress for claims predating his Complaint by more than one year.

Second, plaintiff contends that Mayor Guida called plaintiff a "pervert" and a "child stalker." Compl. ¶ 15. Plaintiff has not satisfied his burden of proffering evidence that this statement is false. Further, "rhetorical hyperbole and expressions of opinion not asserting provable facts are protected speech." Craven v. Cope, 188 N.C.App. 814 (2008). While such are strong words, the only evidence in the record does not refute such statements, but provides support for the statements:

- plaintiff told a 14 year old girl she was "pretty" and asked her to lift her shirt up so he could look at her stomach, Defendants' Exhibit 4 ¶ 4, Exhibit 3 ¶ 5;

- plaintiff tried to buy tanning oils for a 14 year old girl and deliver them to her while her parents not there, Baker Aff. ¶¶ 5-6; and

- plaintiff had been parking outside the Stanley Pool looking at girls in their bathing suits, Defendants' Exhibit 7, ¶ 21.

Even if the court were to assume that such statements were not supported, or that the support underlying such statements was not accurate, a police officer is a public official for defamation purposes. Dellinger v. Belk, 34 N.C.App. 488 (1977). Thus, plaintiff must show that the alleged defamatory statements were "made with 'actual malice' - that is, with knowledge that it was false or with reckless disregard of whether it was false or not," New York Times Co., 376 U.S. at 279-80, and at summary judgment, the question is whether the evidence presented is sufficient to allow a jury to find that actual malice had been shown with convincing clarity. Varner. 113 N.C. at 704. At the hearing, plaintiff conceded that he had no evidence that the Mayor made such statements with malice. The court will, therefore, dismiss such claim.

### E. Civil Conspiracy to Commit Perjury

In his fourth cause of action, plaintiff attempts to allege a supplemental claim that the

defendants engaged in a civil conspiracy to commit perjury. Plaintiff contends that the mayor conspired with the dispatcher witnesses to give false statements in exchange for him dropping his support for merging the town's dispatch into a county dispatch center.

North Carolina does not, however, recognize a cause of action for civil conspiracy. While there is no freestanding cause of action for "civil conspiracy," the elements of a claim seeking damages for the wrongful acts committed in the course of a civil conspiracy in North Carolina would appear to be:

(1) an agreement between two or more persons to commit a wrongful act;

(2) an act in furtherance of the agreement; and

(3) damage to the plaintiff as a result of the wrongful act.

See Henderson v. LeBauer, 101 N.C. App. 255, 260 (1991). A civil conspiracy cannot be brought independent of properly-alleged claims for underlying wrongdoing, making such claim subject to dismissal if the underlying claims for wrongful conduct are dismissed. Precision Components, Inc. v. C.W. Bearing USA, Inc., 3:06-CV-259 (W.D.N.C. Dec. 16, 2008) (Reidinger, J.).[1] In this case, there is no civil action for perjury under North Carolina law as perjury and subornation of perjury are criminal offenses. Brewer v. Carolina Coach, 253 N.C. 257, 260 (1960); N.C.Gen.Stat. §§ 14-209, 14-210. This claim will be dismissed.

### F. Public Official Immunity

Plaintiff's claims are also barred by public official immunity. Public officials engaged in the performance of their governmental duties involving the exercise of judgment and discretion, and acting within the scope of their authority, may not be held liable for such actions, in the absence of

---

[1] Such decision may be accessed through the court's electronic database, ECF.

malice or corruption. Price v. Davis, 132 N.C.App. 556, 562 (1999). "[T]he actions of a city and its officials in investigating and disciplining a city police officer accused of criminal activity" are governmental functions. Houpe v. City of Statesville, 128 N.C.App. 334 (1998). Plaintiff has shown no malice that would overcome this immunity. Plaintiff's supplemental claims are barred by public official immunity.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#3) and Motion for Summary Judgment (#11) are **GRANTED,** and this action is **DISMISSED** with prejudice in its entirety for the reasons discussed herein.

### Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised that he has the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: May 9, 2011

Max O. Cogburn Jr.
United States District Judge